UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY A/K/A DEREK MCSMITH                    CIVIL ACTION

VERSUS                                        NO: 07-8882

PHILLIPS & JORDAN, INC.                       SECTION: J(2)

**ORDER AND REASONS**

Before the Court is Plaintiff Leroy a/k/a Derek McSmith's **Motion for Relief**.  Upon review of the record and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.

**<u>Background Facts</u>**

Plaintiff filed a pauper application with this Court on November 16, 2007 (Rec. Doc. 1).  Along with this motion, he filed a Motion for Leave to File the Attached Complaint (Rec. Doc. 1).  Plaintiff must obtain leave of court to file his complaint pursuant to an order entered by Judge Martin L.C. Feldman in <u>LeRoy a/k/a Derek McSmith v. Chasez</u>, 07-656 (E.D. La. April 10, 2007) which stated that the Clerk of Court may not accept any initial pleadings from LeRoy a/k/a Derek McSmith unless the initial pleading is accompanied by advance written permission of a district judge of this court.

Judge Wilkinson denied Plaintiff's pauper application based

on the fact that the application was not accompanied by such an order.  Plaintiff then filed a motion for relief from this order on the basis that the Clerk of Court should have sent the pauper application to Judge Wilkinson only after his motion for leave to file his complaint was granted.  This Court construes Plaintiff's motion for relief as an appeal of Judge Wilkinson's order.

To determine the proper resolution of this matter, it is necessary to consider Plaintiff's motion for leave to file his complaint.  Plaintiff claims that he was never compensated by Defendant Phillips & Jordan, Inc. ("P&J") with regard to overtime pay pursuant to the provision of the Fair Labor Standards Act ("FLSA").  Plaintiff attaches an exhibit which purports to show that he began working for P&J in January 2006 as a sawman at the rate of $12.50 per hour, averaging 10.5 hours a day, six days a week.  To date, P&J has not provided Plaintiff with the difference in pay of $431.25 per week (23 hours at $18.75) up to May 2006.  As a result, Plaintiff seeks an order requiring P&J to provide him with $6,900 in compensation to cover the overtime never paid.  In addition, Plaintiff claims he was never paid the prevailing rate of $12.50 per hour as a sawman from January 2006 through May 2006 in violation of the Davis-Bacon Act.

### Legal Standard

"A federal court may dismiss a claim *in forma pauperis* if satisfied that the action is frivolous or malicious."  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis

2

v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Marcias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

## Discussion

Plaintiff alleges that he has not been paid by P&J for overtime hours worked, and that this violates certain provisions of the FLSA.  However, Plaintiff has failed to show whether P&J as an enterprise or himself as an individual working as a sawman are covered under the FLSA.  Plaintiff has not alleged that P&J is an enterprise engaged in commerce or in the production of commerce that has an annual gross volume of business done or sales not less than $500,000 as provided in 29 U.S.C. § 203(s)(1).

In addition, Plaintiff's only evidence in support of his claim appears to be time sheets from a random selection of dates falling between January 2006 and March 2006.  These "records" fail to indicate whether Plaintiff was paid and if so, at what rate Plaintiff was paid.  Simply because Plaintiff alleges in his complaint that he was employed for more than forty hours per week does not amount to an outright violation of 29 U.S.C. § 207.  See 29 U.S.C. § 207(g) (allowing for an agreement or understanding between an employer and employee, before performance of the work

3

begins, as to wages paid that would not amount to a violation of 29 U.S.C. § 207(a), even if an employee works more than forty hours per week).  Furthermore, Plaintiff fails to allege if he was an actual employee of P&J or merely an independent contractor.  Independent contractors are not covered under the FLSA.  In sum, Plaintiff has failed to provide sufficient evidence in support of his claim and should not be granted leave to file his complaint.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Relief** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Leave to File the Attached Complaint (Rec. Doc. 1)** is hereby **DENIED.**

New Orleans, Louisiana, this 21st day of December, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE